F. G. ROBERTS v. J. P. BANE.

1—One joint maker of a note after its maturity made a deed of trust, by which it was provided that if the note should not be paid by a certain future day the trustee should sell the property conveyed and apply the proceeds to its payment. To a suit by the payee on the note and deed of trust, the other maker pleaded that he was only a surety for his co-maker, who gave the deed of trust, and that by accepting the deed of

trust from the latter the plaintiff had extended the time of payment to this defendant's principal, whereby this defendant was released. Neither the note nor deed disclosed the fact of suretyship, nor was there other proof that it was known to the plaintiff when he took the note or the deed of trust. *Held,* that even if the deed did extend the time of payment of the note, it furnished no defense to a party who held himself out as a principal, though he may have been but a surety as between himself and his co-maker.

2—A deed of trust containing only such stipulations as are above indicated does not, it seems, import an extension of the time of payment of the note secured by it.

3—Whether such a security did extend the time of payment was a question of construction to be decided by the court; and it was error to submit it as an issue to the jury.

APPEAL from Guadalupe. Tried below before the Hon. J. J. Thornton.

The opinion sufficiently indicates the facts.

*John P. White* and *W. E. Goodrich,* for the appellant.

*John Ireland,* for the appellee.

MORRILL, C. J.—On the 21st of September, 1859, P. L. Herron, the defendant, Bane and A. Herron, executed their joint note for one thousand and thirty dollars, payable to plaintiff at thirty days.

On the 29th of January, 1861, one of the makers of the note executed a deed for certain property to one White, in trust, that in case neither of the makers of the note paid it previous to the 1st of January, 1862, that the trustee should sell the property and apply the proceeds of the sale to the payment of the note.

On the 2d of April, 1867, Roberts, the payee of the note, instituted suit, based upon the note and deed in trust, against Bane and one of the other makers of the note, the third one having died. Bane, in his answer, sets forth that he was in reality a surety for P. L. Herron, and that the plaintiff, by the acceptance of the deed in trust, gave to Herron an extension of time to pay the note, and thereby legally released him as a

surety from paying it.    The jury found for Bane, and the court gave judgment against Roberts, the plaintiff, for costs.

The charge of the court as given, and the charges requested and refused, as well as exceptions taken to the admission of certain testimony to the jury, call upon us to decide the legal effect of the acceptance by Roberts of the deed in trust, in discharging Bane as surety of Herron ; and this is the only question in the case.

As already stated, the instrument sued on was the joint note of the three makers thereof, and there is nothing in the deed in trust going to show that any one was surety of the other ; but on the contrary the deed provides for the consequence of either of the three parties paying the note.    Neither is there any allegation or proof that the payee of the note had any knowledge, either at the time of the execution of the note or mortgage, that the parties stood in any other position towards each other than as shown by the note, unless the fact that one of the parties received the full consideration of the note, charged Roberts with the inference that the one so receiving this consideration was the principal, and the others the sureties.

But since the testimony shows that Bane received this consideration, there is nothing in the transaction showing that Roberts could even suppose that Bane was surety.    All of the actions of Bane, so far as the record discloses, go to show that he was a principal and not a surety.    He held himself forth as a principal, and therefore if the contract of mortgage made by Herron and the plaintiff, either expressly or impliedly, postponed the time for the payment of the note, inasmuch as there was no evidence that the part of suretyship was known to the creditor at the time of the act complained of, it furnishes no cause of defense in this case.

The defendant is not permitted to deceptively mislead the plaintiff and take advantage of his own acts.    It is not only necessary that it should be clearly and satisfactorily shown that the plaintiff was aware of the fact that Bane was surety, but the additional fact that payment was postponed by the

mortgage, should likewise concur in order to constitute a defense.

We believe that both of these matters of defense are wanting in the case. There is nothing in the mortgage that either expressly or impliedly shows that the plaintiff agreed to defer the payment of the note. The thoughts, ideas or legal inferences of the maker of the mortgage are not to be considered in construing its meaning, as the case now appears. The legal effect of the mortgage is a question for the judge, and it was erroneous to submit its construction to a jury.

But as the law applicable to this case was stated by Justice Wheeler in the case of Burke vs. Cruger, 8 Texas R., 69, 74, it is deemed both unnecessary and improper to do anything more than to refer to this case, which is full and exhaustive. The judgment is reversed.

Reversed.