## MORGAN v. THOMPSON.

1. **Surety:** RELEASE OF BY FORBEARANCE. An agreement for forbearance between the payee and principal maker of a promissory note, must be for some definite time, in order that it may work a release of the surety.

2. ————: ————: KNOWLEDGE BY PAYEE OF SURETYSHIP. Where the suretyship is not shown upon the face of the note, notice thereof to the creditor must be proved, in order to enable the surety to avail himself of the protection which the law affords to sureties, in cases where time of payment is extended by agreement of the creditor and the principal debtor.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, DECEMBER 13.

ACTION UPON A PROMISSORY NOTE. There was a judgment upon a special verdict for plaintiff. Defendant appeals. The facts of the case are stated in the opinion.

*S. H. Fairall, Boal & Jackson*, for appellant.

*Robinson & Patterson*, for appellee.

BECK, J.—I. The note declared upon is in the following language:

"$150.00.

"Twenty months after date, we, or either of us, promise to pay John Morgan or order, the sum of one hundred and fifty dollars, for value received. Given under our hand and seal, this 29th day of January, 1863.

| [Signed] | ALEXANDER X̄ MASON, | [SEAL.] |
| | EZRA THOMPSON. | [SEAL.] |

"Witness, PRUDENCE M. THOMPSON."

It is alleged in the petition that defendant admitted that the note remained unpaid, and promised to pay it, in writing, within ten years prior to the commencement of the action.

The answer of defendant in the first and second counts sets up the statute of limitations, and denies the new promise; but these counts were withdrawn, or the defense pleaded therein was not relied upon. The only defense pleaded in the answer, which was urged at the trial, is, that defendant is surety upon the note, and that after its execution, in 1866, the plaintiff, without defendant's knowledge or consent, for a valuable consideration, extended the payment for one year.

The court required the jury to return special findings, and to that end submitted to them certain questions, which, with the answers returned by the jury, are as follows:

"1. Was there an agreement by and between the plaintiff and Alexander Mason, in which the plaintiff extended the time of payment of the note in suit? Answer: Yes.

"2. If you answer Yes to the preceding question, state, as near as you may be able to find from the evidence, when and where such agreement was made, and for what period the time of payment of said note was extended? Answer: At maturity of note, or soon after, at plaintiff's office, State of Ohio, Harrison county.

Morgan v. Thompson.

"3.  If you answer Yes to Interrogatory 1st, then state what consideration, if any, you should find that plaintiff received, or was to receive, for such extension of time of payment, that is, what, if anything, did Alexander Mason give, or perform, or agree, or promise to give or perform, in consideration of such extension?  Answer:  In consideration of higher rate of interest, at ten per cent, paid.

"4.  If you answer Yes to Interrogatory 1st, was such agreement in writing or not?  Answer:  Not in writing.

"5.  Did the defendant herein consent that plaintiff should extend the time of payment of each note?  Answer:  Did not consent.

"6.  When, as found from the evidence, did defendant first have knowledge that the time of payment of said note was extended, that is, if you find that there was such an extension?  Answer:  On defendant's receiving Alexander Mason's deposition.

"7.  Did defendant, Ezra Thompson, sign such note as surety, or principal?  Answer:  As security [surety]."

The jury were not required to find and return a general verdict, but no objection was made thereto, either in this court or the court below.

Upon the special verdict the court rendered judgment for plaintiff in the amount due upon the note.

II.  Plaintiff insists that, as the agreement for the extension of time upon the note was in consideration of usurious interest paid, or to be paid by the principal, it was void and, therefore, does not operate to discharge the surety.  We find it unnecessary to pass upon this point, as there are other questions decisive of the case.  These we shall now proceed to consider.

III.  The defendant, in order to be relieved from liability as surety, on the ground of an extension of time by the creditor, must show other facts besides the existence of a contract for forbearance between the creditor and principal.  In our opinion, the special findings of the jury fail to show facts essential to the surety's defense.

1. SURETY: release of by forbearance.

A contract for forbearance, in order to be valid, must not be indefinite as to the term for which the extension is made. See Daniels on Negotiable Instruments, § 1319, and cases cited.

It will be observed that the jury failed to reply to that part of the second question, requiring them to state the period for which the payment of the note was extended. This omission is not supplied in any other part of the findings. All that the findings show is, there was an extension of time upon the note, whether for an hour or a year is not shown. The findings upon this point are indefinite. We cannot presume the contract was definite as to time.

IV. The privilege of a surety is an equity which will not defeat the rights of those who have no knowledge of its existence. When the suretyship is not shown upon *2. ——: ——.* *knowledge of suretyship by payee.* the face of the note, notice thereof to the creditor must be proved, in order to enable the security to avail himself of the protection the law secures to him. 2 Leading Cases in Eq., part 2, p. 1918; *Davis v. Graham*, 29 Iowa, 514.

The special findings do not show that plaintiff had notice that defendant was a surety upon the note. We cannot supply this omission, if it be one, by presumption. The plaintiff, therefore, was entitled to a judgment upon the special verdict.

V. Counsel for defendant insist that the evidence shows that the indulgence stipulated for in the contract was for a definite time, and that plaintiff had notice that defendant was surety upon the note. But we are not authorized to decide the case upon the evidence, and we cannot say that the facts in question are admitted, or appear without dispute or conflict in the evidence.

The defendant could have had special findings upon these points or a general verdict under proper instructions of the court as to the essential facts above pointed out. Indeed, we may say that a general verdict ought to have been required

by the court below. But defendant made no objection on this ground, nor did he request special findings upon the points in question. It is too late now to make complaint for the first time of these matters which he could have corrected or objected to at the trial. Upon the grounds we have pointed out, the judgment of the Circuit Court must be.

AFFIRMED.