No. 13,264.

## TENNISON v. TENNISON.

HUSBAND AND WIFE.— *Mortgage.*— *Wife's Inchoate Interest.*— *Sale of Husband's Land on Execution.*—*Action by Wife Against Husband, as His Surety, for Indemnity.*—Where a wife joins her husband in a mortgage upon his land to secure his debt, which land is sold upon foreclosure, she can not maintain an action against him, after divorce, for damages, treating her inchoate interest as so much security funds taken to pay his debts.

From the Warrick Circuit Court.

*J. B. Handy, C. W. Armstrong* and *J. B. Cockrum,* for appellant.

*W. M. Hoggatt,* for appellee.

NIBLACK, J.— Complaint by Matilda Tennison against William Tennison, in two paragraphs.

The first was for money paid for the use and at the request of the defendant.

The second charged that, on the 13th day of May, 1878, the defendant became indebted to Charles Denby and James M. Shackelford in the sum of $500, and that as an evidence of such indebtedness he, the defendant, made his promissory note for the sum named to the said Denby and Shackelford; that to secure the payment of this note he executed to the said Denby and Shackelford a mortgage on an eighty-acre tract of land situate in the county of Warrick; that the plaintiff, who was then the wife of the defendant, joined with him in the execution of such mortgage; that at the time of, and prior to, the execution of the mortgage, there were judgments against the defendant in the Warrick Circuit Court, to which the plaintiff was not a party, and which were liens upon the tract of land embraced in that instrument; that one of these judgments was in favor of one Robert M. Piatt for the sum of $367.66; that afterwards, on the 6th day

of December, 1879, and while the plaintiff was still the wife of the defendant, the land described in the mortgage was, by the sheriff of said county of Warrick, sold on an execution issued on the Piatt judgment to Charles L. Rhoads, who afterwards assigned and transferred his certificate of purchase to Zachary Johnson; that, on the 7th day of December, 1880, Johnson received a sheriff's deed conveying to him all the interest of the defendant in and to the land, the plaintiff being at that time still the wife of the defendant; that, on the 19th day of December, 1880, the plaintiff obtained a decree of the Warrick Circuit Court divorcing her from the defendant; that thereafter Conrad Miller and Jacob Miller, who had, by assignment, become the owners of the note and mortgage executed to Denby and Shackelford as stated, recovered a judgment in the court last named against the plaintiff, foreclosing the mortgage as against her, and decreeing a sale of her interest in the mortgaged land to satisfy the mortgage debt; that, on the 28th day of April, 1883, the sheriff of Warrick county, in pursuance of such decree of foreclosure, sold the land for the sum of $677.86, which was the amount of the mortgage debt, including the costs of foreclosure and sale, to the payment of which the proceeds of such sale were applied by the sheriff; that at the time of such foreclosure and sale the plaintiff was the owner in fee simple of, and her interest therein embraced, one undivided third part of the mortgaged lands, which was of the value of $700. Wherefore judgment against the defendant was demanded.

The defendant demurred to this second paragraph of the complaint, but his demurrer was overruled, and, upon issue joined and a trial by the court, there was a finding and judgment for the plaintiff.

This suit was prosecuted upon the theory that, upon the facts charged in the second paragraph of the complaint, the plaintiff became, in legal contemplation, the surety of the defendant for the payment of the mortgage debt, and that, as her property was sold to pay the debt, she became entitled to

recover the amount the property sold for, as so much money paid to the use of the defendant.

The errors assigned involve, only in different forms, the question of the sufficiency of such second paragraph of the complaint.

Although the paragraph of the complaint in question does not distinctly so aver, the inevitable inference from the facts alleged is, that the land was the property of the defendant at the time it was mortgaged to Denby and Shackelford, and it is in that view that we have considered the sufficiency of the paragraph.

We have held in several cases that, when a wife joins her husband in the execution of a mortgage on his real estate, she enters into relations with him to some extent analogous to that of a surety; but we have never ventured to hold that she thereby becomes, either actually or constructively, his surety within the legal or most extended meaning of that term. *Leary* v. *Shaffer*, 79 Ind. 567; *Grave* v. *Bunch*, 83 Ind. 4; *Main* v. *Ginthert*, 92 Ind. 180.

Brandt, in his work on Suretyship, at section 22, says: "A wife who joins with her husband in a mortgage of his real estate for the payment of his debt, does not, as to such estate, occupy the position of a surety."

This is upon the principle that the wife's inchoate interest in the lands of her husband is regarded as only a mere incident to the husband's title. 2 Jones Mortg., section 1420; *Rupe* v. *Hadley*, 113 Ind. 416.

In the case of *Cupp* v. *Campbell*, 103 Ind. 213, this court recognized and approved the doctrine announced as above by Brandt. See, also, *Hawley* v. *Bradford*, 9 Paige, 200.

Section 5119, R. S. 1881, declares that "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

If a wife, by joining with her husband in the execution of a mortgage on his real estate for the payment of his debt,

thereby becomes his surety, then she is prohibited by the foregoing section from so joining with her husband, and such a mortgage, as to her, is void.

Such a construction of the section would be clearly too rigorous, and is one which, we assume, will not be insisted upon. The demurrer to the second paragraph of the complaint ought, therefore, to have been sustained.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed May 8, 1888.