ANNA E. I. VON HEMERT v. OSCAR L. TAYLOR and Others.

July 15, 1898.

Nos. 11,042—(219).

**Mortgage—Husband and Wife—Wife as Surety—Notice to Mortgagee.**

Where the title of record to land was solely in the husband, but in fact the wife was the equitable owner of an undivided interest therein, and both executed a mortgage thereon to secure the debt of the husband, she is not entitled to assert, as against the mortgagee, the rights of a surety

to the extent of her interest in the land, unless the mortgagee had notice of such interest when he extended the time of payment of the debt. The mere fact that she joined in the covenant of seisin in the mortgage does not charge the mortgagee with such notice.

Appeal by defendant Nora W. Taylor from an order of the district court for Ramsey county, Kelly, J., denying her motion for a new trial, after findings in favor of plaintiff. Affirmed.

*F. M. Catlin* and *John M. Gilman*, for appellant.

Since one-third of the purchase money for the property in question was appellant's separate property, and since she did not know that the title had been taken in the name of her husband, a constructive trust at common law was established in her favor, to which G. S. 1894, § 4280, does not apply. Siemon v. Schurck, 29 N. Y. 598; Foote v. Bryant, 47 N. Y. 544; Nester v. Gross, 66 Minn. 371; 2 Pomeroy, Eq. Jur. § 1042; Reitz v. Reitz, 80 N. Y. 538; Mull v. Bowles, 129 Ind. 343; Kluender v. Fenske, 53 Wis. 118; Fisher v. Fobes, 22 Mich. 454; Perry, Trusts (4th Ed.) § 145. If appellant's husband held the property impressed with a trust in her favor, any one acquiring it from the husband by deed or mortgage, with notice of that interest, takes it still subject to the cestui que trust's rights. Respondent had sufficient notice to put her on inquiry, for the mortgage contains joint covenants. Lodge v. Simonton, 2 Pen. & W. 439, 23 Am. Dec. 36, and note; Russell v. Ranson, 76 Ill. 167.

When a wife mortgages her separate estate for her husband's debt, she stands in the position of a surety (or the property has the character of a surety), and she is entitled to all the rights of a surety, the mortgage lien being discharged by extension of the time of payment without her consent. 1 Brandt, Sur. § 35; 1 Jones, Mort. (5th Ed.) § 114; Agnew v. Merritt, 10 Minn. 242 (308); Siebert v. Quesnel, 65 Minn. 107.

*Harvey Officer*, for respondent.

The joinder of the wife in the covenants contained in the mortgage does not charge the mortgagee with notice of a constructive trust in her favor, because she is a necessary party to the convey-

ance.  Vassault v. Austin, 36 Cal. 691.  To create a constructive trust in favor of the wife against her husband necessarily implies a contract between the husband and the wife in relation to the real estate, and no such contract could exist, whether in writing or otherwise.  G. S. 1894, § 5534; Luse v. Reed, 63 Minn. 5.  By her silence, as well as by the covenants, appellant is estopped from asserting her claim.  Dobbin v. Cordiner, 41 Minn. 165; Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408.

START, C. J.

This action was brought by the plaintiff, as assignee, to foreclose a real-estate mortgage, executed on March 21, 1890, by the defendants, Oscar L. and Nora W. Taylor, who are husband and wife, to the St. Paul Trust Company, to secure the payment of $40,000. The defendant Nora W. alone answered.  Her defense was that she was the equitable owner of an undivided one-third of the mortgaged premises, and executed the mortgage for the sole purpose of securing a loan to her husband individually; that the plaintiff knew that she was the owner of such interest in the premises, and that she executed the mortgage as surety; and that so knowing, the plaintiff, for a valuable consideration, extended the time of the payment of the mortgage and note secured thereby without her knowledge or consent.  The trial court found for plaintiff on all the issues, and ordered judgment for the foreclosure of the mortgage.  The defendant appealed from an order denying her motion for a new trial.

The assignments of error raise the question as to the sufficiency of the evidence to sustain the findings of fact.  The mortgaged premises, on January 25, 1890, were conveyed to the defendant Oscar L. Taylor by warranty deed by the then owner thereof, and the deed was duly recorded.  At the time the mortgage in question was delivered to the mortgagee, Oscar L. Taylor was of record the sole owner in fee of the premises.  The only claim of the wife to be the equitable owner of an undivided one-third of the premises is based upon the fact that she furnished a part of the purchase money of the premises.  The firm of Smith & Taylor, of which her husband was a member, as her agents, had in their hands certain money of

the defendant Nora W. for the purpose of purchasing the property in question, and the money was paid as a part of the purchase price, and the deed taken in the name of her husband, Oscar L. Taylor. The evidence is silent as to whether the deed was so taken with or without her consent, and in view of the fact that the relation of husband and wife existed between her and the grantee in the deed, and the further fact that neither she nor her husband testified on the .trial that the deed was not so taken with her consent, it is doubtful if the evidence required or justified a finding that she was the equitable owner of one-third of the premises by reason of a constructive trust in her favor. Certainly, if she consented to the transaction, no trust would arise in her favor. Petzold v. Petzold, 53 Minn. 39, 54 N. W. 933.

Conceding, however, without deciding, that the wife was the equitable owner of an undivided interest in the premises, and that the plaintiff extended the time of payment of the note without her consent, still she would not be entitled to have her interest in the mortgaged premises discharged of the lien of the mortgage, unless the plaintiff had notice, at the time the agreement to extend was made, that she had such interest in the land, and that she was, to the extent of her interest, surety for her husband's debt. Agnew v. Merritt, 10 Minn. 242 (308); Benedict v. Olson, 37 Minn. 431, 35 N. W. 10.

The only evidence from which it is claimed that the plaintiff had such notice, or ought to have known that she was the owner of an undivided one-third part of the land, is that Oscar L. Taylor and Nora W. Taylor, his wife, covenanted, in and by the mortgage, that they were lawfully seised of the premises, and had good right to convey.

The written application for the loan, signed by the husband, contained this representation:

"The title to the premises, in fee simple, * * * is in Oscar L. Taylor, whose wife's name is Nora W. Taylor."

The covenant in the mortgage was not sufficient to charge the mortgagee or its assignee with notice of the wife's rights in the premises. The representation of the husband that he was the sole

owner in fee of the mortgaged premises was corroborated by the record, for it showed that he was in fact such owner. If some person other than his wife had united with Taylor in making the mortgage and joined in the covenants thereof, we should have a different case to deal with, because in such case there could be no reason for such third party so uniting with Taylor, unless he had some interest in the premises. But the wife, by reason of her inchoate interest in the land of her husband, is a necessary party to any deed or mortgage thereof, if a marketable title is to be acquired, and it is not unusual to require her to join in the covenant of seisin therein in order to create an estoppel against her for the better assurance of the title. See Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379. The fact that the defendant Nora W. Taylor was the wife of the mortgagor is, of itself, a sufficient reason why she should have executed the mortgage and joined with her husband in the covenant of seisin. There was nothing in the mortgage, taken in connection with the record title, which would lead a prudent man to infer that the record did not truly disclose the title to the premises.

The evidence fully justified the finding of the trial court on this question of notice.

Order affirmed.