JOHN A. CREIGHTON, APPELLEE, V. ERNEST E. CRANE, ET AL., APPELLANTS.

FILED APRIL 19, 1905. No. 13,758.

Mortgage: EXTENSION: HUSBAND AND WIFE: EVIDENCE. Where the legal title to mortgaged premises is in the husband, and his wife joins in the execution of the mortgage to secure a note signed by the husband alone, and the time of payment of such note is extended without the knowledge or consent of the wife, and the wife claims ownership of the mortgaged property under an antenuptial agreement with the husband, she must show that the holder of the note or his privies had notice of her claim of ownership of the premises at the time the extension was granted to entitle the property to stand in the position of a surety.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*John O. Yeiser,* for appellants.

*Woolworth & McHugh, contra.*

OLDHAM, C.

This is an appeal from a decree of the district court for Douglas county for the foreclosure of a real estate mortgage. The facts underlying the controversy are that, in 1895, Ernest E. Crane held the record title as owner of a certain lot situated in the city of Omaha, and occupied the same with his wife, Florence I. Crane, another defendant herein, as a homestead. On December 28, 1895, defendant Ernest E. Crane procured a loan upon said premises in the sum of $800; executed a note for that amount, and

secured the same by a mortgage executed by himself and wife upon the premises. This note was purchased before maturity, in the ordinary course of business, by plaintiff, John A. Creighton, who, on June 30, 1903, instituted this action for the foreclosure of the mortgage. The execution of the note and mortgage was admitted, as well as the default in the payment of the note and interest, but Florence I. Crane answered that she was the real owner of the property sought to be foreclosed in the action, by virtue of an antenuptial agreement with her husband, and that she had executed the mortgage simply as surety for her husband, and that the payment of the note had been extended one year without her knowledge, and that thereby the mortgage became released and discharged. These allegations were denied by plaintiff's reply, and the court entered a decree finding that, at and prior to the execution of the note and mortgage, the legal title to the real estate was in Ernest E. Crane; that prior to the marriage of Ernest E. Crane and Florence I. Crane an antenuptial agreement was made between them, by which the said property was to become the property of Florence I. Crane; that after the marriage and prior to the execution of the mortgage Ernest E. Crane and Florence I. Crane occupied the premises as a homestead, but that no conveyance of the title was made from Ernest E. Crane to Florence I. Crane; that before the maturity of the note an extension of one year was granted without the consent of the owner, Florence I. Crane; and that John A. Creighton was the owner of the note and mortgage; and that default had been made in the payment of the note prior to the institution of the suit. On these findings the court decreed the foreclosure of the mortgage in the ordinary manner. From this decree Florence I. Crane appeals to this court.

The contention of appellant is that, as Florence I. Crane was the real owner of the property, her signing the mortgage was merely for the purpose of securing the debt of another, and her property thereby pledged stood in the position of a surety for such debt, and whatever will dis-

charge the surety will discharge such property; that as the time of the payment of the note was extended without consent of the surety, such act operated in law as a release of the mortgaged property.

Conceding, for the sake of the conclusion, that the evidence is sufficient to show that Florence I. Crane was the real owner of the mortgaged property, and that the time of payment of the note was extended for one year without her consent, there is one other thing necessary to warrant the conclusion that the extension of the time of payment of the note without consent of the surety released the mortgage, and that is the fact that the holder of the note knew that Florence I. Crane, or rather the property pledged by her, was held as surety for the debt of Ernest E. Crane. The rule is laid down by Brandt, Suretyship and Guaranty, sec. 44, as follows: "Where the fact of suretyship does not appear from the mortgage, the wife must show that the creditor knew of the suretyship in order to entitle the property to stand in the position of a surety. There was plainly nothing in the record of the title to this property to put the holder of the note and mortgage on inquiry as to the relation of Florence I. Crane toward the property, for the title of the property stands in the name of the husband, who borrowed the money and executed the note, and had the wife join with him in the execution of the mortgage. No evidence was introduced in the record tending to show that the wife had ever made any claim of ownership to the property to the original mortgagee, or the present holder of the note. Consequently, she is not in a position to complain of the extension granted, without first having by some act informed the holder of the note or his privies of her relationship toward the mortgaged premises. *Wilson v. Foot,* 11 Met. (Mass.) 285.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.