## CLEAVENGER ET AL. *v.* BEATH.

MORTGAGE.—*Defective Description of Note.*—In a suit on a promissory note and to foreclose a mortgage on real estate given to secure said note, the note and mortgage being filed with the complaint and made part thereof, the note so filed, which was read in evidence on the trial, did not correspond with the description of the note in the mortgage.

*Held,* that the note so pleaded and proved controlled and cured the defective description in the mortgage.

From the Blackford Circuit Court.

*J. T. Wells* and *W. H. Carroll,* for appellants.

*W. A. Bonham* and *J. Cantwell,* for appellee.

PETTIT, J.—This suit was brought by the appellee, John Beath, against the appellants, John W. Cleavenger, Fanny A. Cleavenger, his wife, and Charles A. Clauser, to foreclose a mortgage on real estate, which the two former, Cleavenger and wife, had given to Beath, to secure a note given by John W. Cleavenger to Beath, Clauser having purchased the real estate of Cleavenger and wife, after their mortgage to Beath was duly recorded. There was a joint answer of general denial. Trial by the court, finding for the plaintiff for the amount of the note and the foreclosure of the mortgage, sale, etc. The note and mortgage are made parts of the complaint and filed with it.

In the mortgage, the note secured by it is described thus:

"Of two hundred dollars made payable to John Beath and due one year after date."

The note filed with the complaint and made a part of it is as follows:

"$200.00                              FEBRUARY 5th, 1873.

"One year after date, I promise to pay to the order of John Beath two hundred dollars, value received, without any relief from valuation and [or] appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date until paid. If this note be collected by suit, the judgment shall include the reasonable fee of plaintiff's attorney.                         JOHN CLEAVENGER."

The only question raised or made, upon which the judgment is sought to be reversed, is that the note described in the mortgage and the one filed with the complaint and read in evidence were different.

We hold that there was no error in this. This ruling is fully sustained by *Howe* v. *Dibble,* 45 Ind. 120; *Dorsch* v. *Rosenthall,* 39 Ind. 209.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.