Usina & Jones *et al.*, plaintiffs in error, *vs.* John R. Wilder, defendant in error.

1. The following descriptive words in a mortgage, "all the shares of stock in the Savannah Dry Dock Company, said entire stock being owned by the said M. P. Usina and F. M. Jones, and also all the property, real and personal, owned by the said Usina & Jones,' and used by them in transacting and carrying on the business of said Savannah Dry Dock Company, said property consisting of said dry dock, located opposite the city of Savannah, on Hutchinson island, with all the appurtenances belonging to said dry dock, and all the rights, title and interest which they, the said Usina & Jones, have in and to the land on which said dry dock is located, being —— ——, more or less," with the recital that "said M. P. Usina and F. M. Jones are the owners and proprietors of the entire stock in the said dry dock company, and of all the property, real and personal, used by the said company in the transacting and carrying on of its business," are sufficiently definite and full to mortgage the real estate for the purpose of securing the notes described in the mortgage, and to authorize the foreclosure thereof.
2. The recitals in the mortgage estop the defendants from denying title to the property conveyed therein.
3. The consideration of former indebtedness is sufficient to support a mortgage to secure such indebtedness in a contest between mortgagor and mortgagee.
4. Pleas setting up the foregoing defenses were properly stricken and the mortgage properly foreclosed.

Mortgage. Description. Estoppel. Consideration. Before Judge Tompkins. Chatham Superior Court. May Term, 1876.

Wilder instituted proceedings to foreclose a mortgage ex-

ecuted by Usina & Jones and the Savannah Dry Dock Company, the material portions of which are set forth in the first head-note.   The defendants showed for cause why said mortgage should not be foreclosed, as follows:

1. That the description of the property in the mortgage is too indefinite.

2. That the mortgage does not embrace any land, because, at the time of its execution, the defendants did not have any right, title, or interest, in and to the land upon which the dry dock mentioned in the rule *nisi* and the mortgage, was situated.

3. That the mortgage is without consideration, because it was not a part of the consideration by which the defendants became indebted upon said promissory notes; that the contract and consideration upon which said notes were given, was made and consummated, and the notes given, long before the execution of the said mortgage, and without reference to, and without any agreement or understanding as to the giving a mortgage to secure them.

Upon demurrer the aforesaid pleas were stricken, and the mortgage ordered foreclosed.   To this the defendants excepted.

R. E. LESTER, by A. P. ADAMS; R. FALLIGANT, for plaintiffs in error.

JACKSON, LAWTON & BASINGER, for defendant.

JACKSON, Judge.

With the several pleas of the defendant, which were stricken on demurrer, set out in the report of the facts of this case, the reasons in law on which our judgment is based will be apparent from the syllabus.

Judgment affirmed.