## REYNOLDS v. MORSE ET AL.

1. **Mortgage:** CONSIDERATION: VENDOR'S LIEN. The assignment of a note given for the purchase money of land carries with it the lien of the vendor, and such lien constitutes a sufficient consideration for a mortgage afterward executed upon the property by the vendee and his wife to secure the payment of the note.

2. ———: HOMESTEAD. A mortgage upon the homestead in the ordinary form and signed by the husband and wife is valid, although the property is not designated therein as the homestead of the mortgagors.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION on a promissory note and to foreclose a mortgage. The note is dated Nov. 22d, 1876; is payable to W. A. Fuller or order, and on its face purports to be executed by D. B. Morse and Eliza Fuller. The mortgage was executed June 11th, 1877, and is conditioned for the payment of a note executed by D. B. Morse, payable to W. A. Fuller. The note is accurately described in the mortgage with the exceptions above indicated.

The defendant L. L. Morse, wife of D. B. Morse, filed her separate answer, in which she insisted the note sued on was

not the note described in the mortgage; that she relinquished her dower right in the premises mortgaged but nothing more; that the premises mortgaged constituted her homestead, and that the mortgage was executed without consideration, long after the note was executed, to the plaintiff, he being the assignee of the note.

She further alleged that without the knowledge or assent of D. B. Morse, and through the procurement of the assignee and payee, the name of Eliza Fuller was signed to said note long after its execution.

In this last defense Mr. Morse joined, and also pleaded a want of consideration for the mortgage.

In a reply it was alleged the note was given as a part of the purchase money of the mortgaged premises; that D. B. Morse purchased said premises Nov. 22d, 1876, of W. A. and Eliza Fuller, and among other things agreed to be done in payment thereof, said Morse agreed to convey a certain parcel of real estate and execute said note which was to be secured by mortgage on the premises purchased by Morse; that as the latter did not have a title to the said real estate, it was agreed he should give the said Fullers a bond to convey the same when he procured the title, and that said Fullers should execute a bond to Morse, agreeing to execute to him a title to the premises purchased when the real estate was conveyed by Morse to them. This latter bond provided for the execution of a mortgage to secure the note in suit. The said bonds were accordingly executed and duly delivered Nov. 22d, 1876.

That in pursuance thereof, the mortgage was executed to Reynolds, to whom the note had been transferred; that Eliza Fuller signed said note with the knowledge and assent of said D. B. Morse. Mrs. Morse denied the new matter in the reply and Mr. Morse admitted the purchase of the property mortgaged, and that it was to be paid for as stated in the reply.

There was a trial to the court, judgment for the plaintiff, and defendants appeal.

*E. W. Eastman,* for appellants.

*Porter & Moir,* for appellee.

SEEVERS, J.—I. Mrs. Morse was not a party to the note: It was transferred to the plaintiff by the payee and we are 1. MORTGAGE: satisfied the mortgage was executed in pursuance consideration: vendor's of the contract of purchase. Mr. Morse in sub- lien. stance so testifies. This constituted a sufficient consideration as to both the Morses, because the mortgage was executed in accord with the previous contract, and as the note was given for a part of the purchase money it constituted a vendor's lien in the hands of Reynolds on the premises. In recognition of, and to make such lien a matter of record the mortgage was executed. No new or additional consideration was required to support it. That the assignment of a note given for the purchase money carries with it the lien of the vendor was held in *Blair & Co. v. Marsh et al.*, 8 Iowa, 144, and *Bills v. Mason*, 42 Id., 329.

II. The mortgage is in the ordinary form, and Mrs. Morse 2. ———: therein expressly relinquishes her right of dower, homestead. nothing being said in relation to the homestead. In *Babcock v. Hoey et ux.*, 11 Iowa, 375, and *O'Brien v. Young*, 15 Id., 5, it was held that it was not essential to the validity of a mortgage executed by both husband and wife, on property occupied as a homestead, that it should be described as such, or that it should be stated the mortgage was made with reference to such fact. There is no distinction between those cases and the one at bar. By the execution of the mortgage the premises are pledged for the payment of the indebtedness by parties having the power to convey, and this is sufficient. Code, section 1993.

III. The name of Eliza Fuller was signed to the note before the mortgage was executed, because the plaintiff required it before he would purchase the note as additional security. Did D. B. Morse have notice of such fact, and assent or fail to object thereto?

On one side there is the affirmative evidence of Mr. Fuller, and on the other the negative evidence of Mr. and Mrs. Morse.

Mr. Fuller is quite positive he told Morse he and Eliza Fuller would have to sign the note if he sold it to the plaintiff,

and that Morse said it was all right. Mr. Morse testifies he has no recollection of ever talking to Fuller about the note in suit, but says he remembers conversing with him about another note. Mrs. Morse was not present at all the conversations, and it is evident from her evidence she did not pay much attention to the one had in her presence.

Mr. Fuller states several things which induce us to conclude he is not mistaken, and that he had conversations with Morse about the note in suit. This being so, he is substantially uncontradicted as to the pivotal question, whether Morse was informed as to the necessity of the note being signed by one or both the Fullers, and that he said it would be all right to do so. Whether Mrs. Morse had such knowledge is immaterial, for the mortgage is valid if the note is enforceable against Morse.

AFFIRMED.