THE FIRST NATIONAL BANK OF DAVENPORT v. BAKER ET AL.

1. **Homestead:** LIABILITY FOR DEBT: BURDEN OF PROOF. In an action to subject a homestead to the payment of a debt contracted prior to its purchase, the burden of proof to show that it was purchased with the proceeds of the sale of a former homestead, and therefore exempt, is upon the defendant.

*Appeal from Jasper Circuit Court.*

TUESDAY, DECEMBER 6.

THIS action was brought by the plaintiff as execution creditor of the defendant, Geo. W. Baker, to subject to the payment of the judgment certain premises occupied by the defendant, Geo. W. Baker and his wife, the defendant Hannah Baker, as a homestead. The petition admits the homestead character of the premises, but avers that they are liable to execution upon

the judgment because they were purchased by the defendant subsequently to the contraction of the debt upon which the judgment was rendered.  The defendants deny that the premises are liable to execution upon the judgment.  They admit that they were purchased subsequently to the contraction of the debt, but they aver that the purchase was made with the proceeds of a former homestead, which they owned and occupied as such, prior to the contraction of the debt.

The case was submitted upon the pleadings, and the plaintiff's petition was dismissed.  The plaintiff appeals.

*Geo. E. Gould, L. M. Fisher* and *S. S. Patterson,* for appellant.

*Ryan Bros.,* for appellee.

ADAMS CH., J.—The only question presented in this case is as to whether the plaintiff had the burden of proving that the premises in question were not purchased with the proceeds of a former homestead, or whether the defendant had the burden of proving that they were.  The defendants contend that the burden was on the plaintiff because the present homestead character being admitted, the premises were exempt unless they were purchased subsequently to the contraction of the debt, and unless also they were not purchased with the proceeds of a former homestead, which, if it had been retained, would have been exempt.

1. HOME-STEAD : liability for debt : burden of proof.

If the defendant's position is correct, then strictly the plaintiff should have averred the negative fact that the premises were not purchased with the proceeds of a former homestead, which would have been exempt if retained, and inasmuch as such negative fact was not averred, the petition should upon their theory be regarded as demurrable.  But in our opinion the defendants' position cannot be maintained.  They do not,

indeed, seem to have taken that view themselves in the outset. They not only did not demur to the petition for want of averment of the negative fact, but they averred in their answer the affirmative fact that the premises were purchased with the proceeds of a former homestead which would have been exempt if retained.

There was, it is true, a practice in equity of introducing into the bill what was called the charging part, wherein the plaintiff would set out the defenses which he anticipated that the defendant would make, and deny the truth of the supposed matters, or set up facts in avoidance. Story's Eq. Pleadings, section 31. That was never, however, the correct practice at law (1 Chitty's Pleading, 222), and under Code practice the practice in equity has in this respect been assimilated to practice at law. Bliss on Code Pleading, section 200. Our Code, section 2646, sub. 3, makes one provision for the statement necessary to be made in a petition, whether it be at law or in equity, and that is that it shall be a statement of the facts constituting the cause of action. When the plaintiff in the case at bar had set out its judgment in its petition, and averred that the premises in question, although the homestead of the defendants, were liable because they were purchased since the contraction of the debt, it showed a *prima facie* cause of action; and that was all that was necessary. Where a person as payee of a promissory note brings an action thereon against the maker, and avers the execution, delivery and non-payment of the note, he shows only a *prima facie* cause of action. But that is sufficient. He is not bound to aver that the maker was not an infant, nor that the note was not obtained by duress, nor anticipate any one of the defenses which if made and proven would be sufficient to avoid the note.

The general rule is that the debtor's homestead is not liable to execution. To this there is the exception that it may be sold for a debt contracted prior to its puachase. The plaintiff by its averment brought itself within the exception, and show-

ed a *prima facie* right to proceed against the premises. The provision of section 2001 of the Code, upon which the defendants rely, is in the nature of an exception to the exception upon which the plaintiff relies. It was incumbent upon them therefore to aver what they did aver, and that is, the facts which brought themselves within the exception. Code, § 2711. The propriety of the rule as applicable to this case is made clear by considering that the facts relied upon by the defendants are peculiarly within their knowledge. To hold that the burden in such a case is upon the creditor to prove that the premises in question were not purchased with the proceeds of a former homestead would often prove exceedingly oppressive.

The point upon which the defendants seem principally to rely is that as the plaintiff averred that the premises were liable to execution, and the defendants denied it, an issue was thereby formed which involved the whole merits of the case, and of that issue the plaintiff had the affirmative.

But it is plain to be seen that both the averment and the denial involved mere conclusions of law. That the defendants cannot rely upon their denial becomes clear by considering that the plaintiff averred facts which supported its conclusion in regard to the liability of the premises, which facts the defendants admitted. With these facts admitted by the defendants, their denial went for nothing.

It appears to us that upon the pleadings the plaintiff was entitled to judgment, and that the court erred in dismissing its petition.

REVERSED.