PAINE v. MEANS ET AL.

1. **Homestead**: LIABILITY FOR PRIOR DEBT: BURDEN OF PROOF. A debt contracted prior to the acquisition of a homestead will be enforced against the homestead, unless the owner affirmatively establishes facts which show that it is exempt from such debt.

2. **Practice on Appeal**: ABSTRACT NOT DENIED: MOTION TO STRIKE OUT EVIDENCE. Where appellant in an amended abstract states that the original and amended abstract contains all the evidence, and this is not denied by appellee, it must be taken as true, and a motion to strike out the evidence in such case, because not properly certified, overruled.

*Appeal from Kossuth District Court.*

WEDNESDAY, MARCH 19.

ACTION in equity to subject certain real estate, the title to which is in defendant, Martha S. Means, to a judgment in favor of plaintiff against defendant, John B. Means. The judgment of the district court subjects the property to sale for the satisfaction of a portion of the judgment only. Plaintiff appeals.

*J. H. Hawkins*, for appellant.

*George E. Clarke*, for appellee.

REED, J.—There is no controversy as to the facts of the case. They are as follows: Defendant, John B. Means, and plaintiff are brother and sister. In 1874 their father died intestate, leaving these parties and three other children his

sole heirs. At the time of his death he was the owner of a farm of 160 acres. John B. Means was a married man, and he.lived upon and cultivated the farm from the time of his father's death until 1879. In 1877 he purchased the interest of each of the other heirs in the farm. Plaintiff was the last of the parties to sell her interest, and defendant agreed to pay her $200 for it. In 1879 he exchanged the farm for the property in controversy, taking the title thereto in himself, and in 1880 he conveyed it to his co-defendant, who is his wife. Ever since the exchange the defendants have lived upon and occupied the premises as their homestead. After the conveyance of the property to the wife, plaintiff obtained judgment against defendant, John B. Means, for the $200 which he agreed to pay her for her interest in the farm, together with the interest thereon, and she is seeking by this proceeding to subject the property to the satisfaction of this judgment, on the ground that the conveyance to Martha S. was voluntary, and the other defendant was insolvent when the conveyance was made. The farm was worth $2,000 when the exchange was made, but it was incumbered by mortgages and delinquent taxes to the amount of .$1,200, and the property received in exchange was worth $800.

It is not claimed that there was any consideration for the conveyance to the defendant, Martha S. Means, nor is it contended that the property would be exempt from sale in her hands, if it would be subject to sale for the satisfaction of said judgment if the title remained in her co-defendant. But defendants' claim is that they had a homestead interest in the farm, which was exempt from judicial sale for the satisfaction of said debt, and consequently the property in question is exempt to the extent of the value of that interest. The judgment of the district court establishes plaintiff's judgment to the amount of $160 as a lien on the property, and directs the sale of the property for the satisfaction of that amount. As this amount is one-fifth of the value of the property at the time of the exchange, we infer that the dis-

trict court proceeded on the theory that defendants had a homestead interest in the farm, but, as plaintiff sold a one-fifth interest in it, she could subject that proportion of the interest to the satisfaction of the debt, and that the new homestead was liable therefor to the same extent. Conceding, for the present, the correctness of this theory, we have to say that upon the proof in the case we are not able to hold that any interest in the property is exempt from sale for the satisfaction of any portion of the judgment. As the debt evidenced by the judgment was contracted before the property in question was acquired, the burden is on defendants to establish that it is exempt from judicial sale for the satisfaction of the judgment. *First Nat. Bank v. Baker*, 57 Iowa, 197.

The farm consisted of 160 acres, of the value of $2,000. The incumbrances on it amounted to $1,200. The purchaser took it subject to these incumbrances, and the property in question represents the difference between the whole value and the incumberance. Defendants' homestead right in the farm was limited to 40 acres and the house in which he lived, (Code, § § 1994–1996,) and the evidence does not enable us to determine the value of that right. There is no evidence of the value of the house, nor are we able to determine the value of the portion of the farm which defendants would have been entitled to set off with the house as their homestead, in comparison with the balance of the farm. Nor are we informed as to how the value of the homestead right was effected by the incumbrances. It is impossible, therefore, to determine that the property in question represents the value of the homestead right in the farm, or that that value is represented by any proportion of the value of the property. As the burden of proof is on the defendants, they are not entitled on this showing to have any portion of the property adjudged exempt from sale in satisfaction of the judgment.

II. Appellee filed a motion to strike out of the abstract what purports to be the evidence in the case, on the ground

that it is not sufficiently identified as the evidence on which the case was tried in the district court. The abstact contains the certificate of the judge of the district court, in which he certifies that certain depositions and exhibits to which the certificate was attached were introduced in evidence, and that this is all the evidence which was offered or introduced on the trial.. The depositions are referred to in the certificate as being marked by certain letters, and the documentary evidence, as being marked by certain figures, but they are not otherwise identified. The ground of the motion is that the abstract does not identify the depositions and documents printed therein as being the same that are referred to in the certificate. But it is alleged in an amended abstract filed by appellant that all the evidence offered, introduced, or used in the trial is set out in the original and amended abstracts, and this allegation is not denied. Nor is it alleged that the abstracts contain any evidence which was not introduced on the trial. We will presume on this state of the record that we have all the evidence before us. The motion is therefore overruled, and the judgment of the district court is reversed, and the cause will be remanded to the district court, with directions to enter a judgment granting to plaintiff the relief prayed in her petition; or, if plaintiff so elects, such judgment will be entered in this court.

REVERSED.