ANNIE C. BASTIN v. HENRY SCHAFER, AND L. A. BASTIN.

(Filed September 6, 1905.)

1. MORTGAGE—Decree of Foreclosure Not Error When. Where a note signed by the husband alone is secured by mortgage on the homestead, jointly executed by husband and wife, and the mortgage contains a recital to the effect that the debt secured thereby is a note signed by the wife in connection with her husband, but the evidence on the trial is sufficient to identify the note signed by the husband alone as the indebtedness actually secured by the mortgage, and as the note in contemplation of the wife when she signed the mortgage: Held, not error for the court to reform this mortgage and decree a foreclosure of the mortgage on the homestead.

2. SAME—Identity of Indebtedness. In interpreting a clause in a mortgage describing the indebtedness secured thereby, the note actually secured should be construed with it, and if true control the description of the indebtedness in the mortgage.

3. SAME—Husband and Wife—Separate Consideration. A mortgage given by both husband and wife to secure a note upon sufficient consideration running to the husband alone is valid against the wife, without any consideration moving to her separately.

4. SAME—Homestead. While all transactions in which the joinder or assent of the wife is obtained in or to any disposition of the homestead will doubtless be scrutinized by the courts with jealous vigilance, yet this will not be carried to the extent of relieving her from the consequences of her own acts, which she clearly understands or should have understood.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*M. D. Libby,* for plaintiff in error.

*Jos. G. Lowe,* for defendant in error, Henry Schafer.

Opinion of the court by

PANCOAST, J.:   L. A. Bastin executed a certain promissory note, with Henry Schafer as surety.   To secure Schafer, a mortgage was executed by Bastin and wife upon their homestead, the mortgage containing a recital to the effect that the note which the mortgage was given to secure had been signed by both husband and wife.   At maturity, a renewal note was given, signed as before, and, not being paid when due, it was taken up by the surety, and this action brought to enforce the lien created by the mortgage.

The petition declared upon a note signed by Bastin and wife, and the answer of Annie C. Bastin admitted the execution of the mortgage, but denied that she had signed the notes, or either of them, and alleged the fact to be that she had signed the mortgage for the purpose of securing a note according with the recital   thereof in the   mortgage.   Upon these pleadings, plaintiff moved for judgment, which motion was sustained as to the judgment against Bastin, but overruled as to foreclosure of the mortgage.

The plaintiff, on amendment, alleged, in effect, that the note was signed by Bastin alone, and that the mortgage sought to be foreclosed was given to secure the note sued on, notwithstanding the recital in the mortgage of a note signed by both husband and wife, and prayed a reformation of the description of the note, and foreclosure of the mortgage.   Annie C. Bastin, in her amended answer, assumed the position that inasmuch as she had not signed the note sued on, that the mortgage was therefore without consideration and void; that she signed the mortgage for the purpose of securing a note conforming to the recitation therein, and not otherwise, and alleged facts constituting the real estate mentioned in the

petition a homestead.   Upon these pleadings and the evidence adduced by plaintiff, plaintiff in error rested her case.   The court then directed a correction of the mortgage to conform to the allegations of plaintiff's amended petition, gave judgment against L. A. Bastin for the amount of the note and interest, and decreed a foreclosure of the mortgage.   From this judgment, plaintiff in error appeals.

The proposition contended for by plaintiff in error is, since the mortgage recited a note signed by Bastin and wife, as principals, as the consideration for which it was given, and the note in fact being signed by Bastin only, that therefore the mortgage is without consideration as to her and void. Incidentally in his brief, counsel for plaintiff in error urges as error the action of the trial court in permitting correction or reformation of the mortgage so as to show a note executed by the husband alone, which would, he assumes, constitute a different contract than that for which the mortgage was actually given.

A description in a mortgage, however, of the debt intended to be secured thereby need only to be of such general character and such a reference to the subject matter as to direct the attention of interested persons to sources of correct and full information, and such as, interpreted in the light of attendant circumstances, embraces the liability intended to be secured. (20 A. & E. Enc. Law, 2nd Ed.,926. *Fernandez v. Tormey,* 121 Cal. 515.)

Such a description in a mortgage of the obligation secured, is a mere recital of the debt, and has not that primary binding force accorded the covenants and stipulations therein. The bond or note actually secured by a mortgage should be construed with it, in interpreting a clause describing the in-

debtedness, and should and does control the description of the indebtedness in the mortgage. (*Cleavenger v. Beath*, 53 Ind. 172; *Crafts v. Crafts*, 13 Gray. [Mass.] 360; 20 A. & E. Enc. of Law, 2nd ed. 928.)

It was not contended on the trial that a note different from that sued on was ever executed by Bastin and wife, other than the original note, or that the mortgage had reference to any existing obligation signed in fact by those parties together. The note was signed by Bastin alone, and he took the mortgage to his wife for her to sign, and that she understood the character of the instrument she was signing and the nature of the act, fully appears from her testimony while on the stand at the trial. She admitted her knowledge that the surety wished to be secured for such note by such an instrument as she in fact signed, and she knew, also, the indebtedness the mortgage was given to secure. The record sufficiently shows but one note to have been signed, but one note to have been in contemplation of the parties when the mortgage was executed, and whatever misapprehension plaintiff in error may now insist she was under as to the specific note secured, the evidence on the trial is certainly ample, even as against a stranger to the mortgage, to identify the debt or obligation intended to be secured and sued on in this case as the one under contemplation by the wife when she executed the mortgage.

What consideration counsel for plaintiff in error had in mind when he asserted a lack thereof as to Annie C. Bastin, is not apparent from his argument. Although the consideration for the note the mortgage was given to secure ran to Bastin alone, nevertheless the mortgage is valid against the wife without any consideration moving to her separately.

(20 A. & E. Enc. Law, 2nd ed. 923; *Bailey v. Litten,* 52 Ala. 282.)

Nor is the plaintiff in error aided here by the character of the real estate involved. While all the transactions in which the joinder or assent of his wife is obtained in or to any disposition of the homestead will doubtless be scrutinized by the courts with jealous vigilance, yet this will not be carried to the extent of relieving her from the consequences of her own acts, which she clearly understands, or should have understood. (15 A. & E. Enc. of Law, 2nd. ed. 682; *Peake v. Thomas,* 39 Mich. 584.)

And that plaintiff in error did so understand her act in signing the mortgage in question in this case we think clearly appears from her testimony given on the stand at the trial.

For the reasons given, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; Gillette, J., dissenting; all the other Justices concurring.

Concurring opinion by

BURWELL, J.: I am satisfied that the conclusion reachin this case is correct, for the sole reason that the mortgage was intended to secure the payment of the note in question.

The description of the note in the mortgage was a mutual mistake of the parties. The plaintiff pleaded and proved such facts as authorized a reformation of the mortgage so as to correctly describe the note executed and sued on herein, and the mortgage having been reformed by the trial court, and there being no defense offered justifying, under all the cir-

cumstances, a judgment for the defendants or either of them, the lower court properly found for the plaintiff. I am authorized to state that Justice Beauchamp also concurs in the result for the reasons I have expressed.