## REEVES & CO. v. DYER *et al.*

No. 5188.    Opinion Filed December 7, 1915.

(153 Pac. 850.)

1.  **MORTGAGES—Consideration—Pre-existing Debt.** A pre-existing debt is a sufficient consideration to support a mortgage given as security therefor; it is not necessary that there should be a new consideration contemporary with the making of the mortgage.

2.  **HOMESTEAD—Mortgage—Surety—Husband and Wife.** Where a husband and wife, for the purpose of securing a debt of the husband, join in the execution of a mortgage to their homestead, the title to which is in the husband, the wife does not thereby become such a surety of her husband as to be entitled to all the rights and privileges of other sureties.

3.  **SAME—Security for Husband's Debt—Consideration to Wife.** A wife has the right to join her husband in a mortgage of the homestead, to secure a note of the husband, where the consideration of the same came to him alone; and such a mortgage is valid and enforceable without any consideration moving directly to the wife.

4.  **CONTRACTS—Consideration—Burden of Proof.** A written instrument is presumptive evidence of a consideration, and the

burden of showing want of consideration sufficient to support an instrument lies with the parties seeking to invalidate or avoid it.

(Syllabus by Robberts, C.)

*Error from District Court, Beckham County;*
*G. A. Brown, Judge.*

Action by Reeves & Co., a corporation, against Richard Dyer and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Burwell, Crockett & Johnson* and *T. Reginald Wise,* for plaintiff in error.

*W. E. Tomme* and *R. N. Linville,* for defendants in error.

Opinion by ROBBERTS, C. On the 22d day of June, 1910, B. Dyer, one of the defendants in error, executed and delivered to Reeves & Co., plaintiff in error, four promissory notes, aggregating about $1,800. One of said notes became due September 1, 1910; all the others maturing on and after March 1, 1911. On the 22d day of September, 1910, said R. Dyer and his wife, Nettie Dyer, executed and delivered to the plaintiff in error, as the payee of said notes, for the purpose of securing the same, a mortgage on their homestead, consisting of a small house and lots in the town of Carter, in Beckham county, Okla. This mortgage was filed for record on the 30th day of September, 1910. On the 25th day of October, 1910, said R. Dyer and Nettie Dyer made and delivered to the Roger Mills County Co-operative Association of America their three certain promissory notes aggregating about $160, said notes being payable on the 1st days of January, April, and August, 1911, and at the same time and place, and to secure said notes, said Dyer executed and delivered to said association their mortgage on the same premises above described. Said mortgage was filed for record on the 26th day of October, 1910.

On the 12th day of March, 1912, Reeves & Co. commenced this action to recover judgment on the notes, and for the foreclosure of the mortgage securing the same. The co-operative association was also made a party defendant. To plaintiff's petition the defendants Dyer answered as follows:

"Comes now the defendants Richard Dyer and Nettie Dyer, and each for theirself, and for no other, for this their answer, denies each and every allegation contained in plaintiff's petition filed herein, only such as is specifically admitted in this answer. They admit that R. Dyer signed the several notes attached to plaintiff's petition on the date named in said notes and for the said amounts, and they further admit that they signed the mortgage [sued on] the 22d day of September, A. D. 1910, but deny that there was any consideration whatever given to these defendants at the time said mortgage was signed by these defendants; that defendants Richard Dyer and Nettie Dyer are husband and wife, and at the time of the signing of said mortgage they were living together as upon the date named in said mortgages as their homestead.

"Wherefore these defendants pray the court to hold said mortgage void as to each of defendants, and that they recover all their cost herein expended."

The co-operative association answered: (1) By general denial, not verified; (2) alleging payment of plaintiff's notes; (3) by cross-petition praying judgment on its notes and for foreclosure of mortgage.

The case was tried to the court, and judgment rendered against defendant R. Dyer in favor of plaintiff on said notes, and decree of foreclosure of mortgage refused. Judgment was rendered against defendants R. and Nettie Dyer on the cross-petition of the co-operative association for the amount claimed, with decree of foreclosure. Motion for new trial was overruled, exceptions saved, and Reeves

& Co. brings error. Two questions are presented for a proper determination of the rights of the parties herein: (1) The validity of the mortgage to the plaintiff; and (2) the priority of the rights of the mortgagees.

The trial court finds that the defendants Dyer were husband and wife, and that the mortgage given to plaintiff by them was without consideration as to Nettie Dyer, and that the property covered by said mortgage was the homestead of the defendants at the time of the execution and delivery thereof, and therefore concludes, as a matter of law, that the mortgage was void. It is a well-settled rule of law that a valid mortgage may be given by a debtor to secure a pre-existing debt. In Cyc. vol. 27, p. 1051, it is said:

"A pre-existing debt is a sufficient consideration to support a mortgage given as security therefor; it is not necessary that there should be a new consideration contemporary with the making of the mortgage."

The text is supported by a long list of authorities, some of which are as follows: *Usina v. Wilder,* 58 Ga. 178; *Hewitt v. Powers,* 84 Ind. 295; *Evans v. Pence,* 78 Ind. 439; *Rea v. Wilson,* 112 Iowa, 517, 84 N. W. 539; *Reynolds v. Morse,* 52 Iowa, 155, 2 N. W. 1070; *Laylin v. Knox,* 41 Mich. 40, 1 N. W. 913; *Laubenheimer v. McDermott,* 5 Mont. 512, 6 Pac. 344; *Longfellow v. Barnard,* 58 Neb. 612, 79 N. W. 255, 76 Am. St. Rep. 117; *Turner v. Killian,* 12 Neb. 580, 12 N. W. 101; *Perkins v. Trinity Realty Co.,* 69 N. J. Eq. 723, 61 Atl. 167; *Sargent v. Cooley,* 12 N. D. 1, 94 N. W. 576; *Noble County Nat. Bank v. Donda,* 7 Ohio Dec. (Reprint) 532, 3 Cinc. Law Bul. 789; *Collins v. Nugent,* 7 Ohio Dec. (Reprint) 485, 3 Cinc. Law Bul. 519; *Moore v. Fuller,* 6 Or. 272, 25 Am. Rep. 524.

But counsel for defendants Dyer contend 'that, as this was not the debt of Mrs. Dyer, and the premises mortgaged being her homestead, it would be imperative that there be some consideration moving directly to her, and, that without such consideration the mortgage would be void. This presumably is based upon the theory that the wife has some equitable interest in the title to the homestead, even though it is in the name of the husband, and that in this case, in signing the mortgage, she stands in the same position as a guarantor or surety who signs or indorses a note after the execution and delivery, without consideration or benefit of any kind moving to the original payor, or any change of condition of the payee, following the rule laid down in *Bank of Carrollton v. Latting*, 37 Okla. 8, 130 Pac. 144, 44 L. R. A. (N. S.) 481, wherein it is said, in substance, that the undertaking of one not a a party to the original transaction, who, in pursuance of some subsequent arrangement, signs as surety, guarantor, or indorser, after the original contract has been fully executed and delivered, is a new and independent contract, and to be binding must be supported by a new and independent consideration from that of the original contract. This contention cannot be sustained. In the first place, our Constitution (article 12, section 2) does not attempt, or pretend to give the spouse any interest in the title to the homestead owned by the other. It is only an inhibition upon the right of the owner to sell or mortgage the premises without the consent of the other. The language is as follows:

"Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein."

The rule laid down by Justice Valentine, involving a similar state of facts, in *Jenness v. Cutler*, 12 Kan. 500, is a clear expose of the rights or interests of the wife in the homestead, where the title is in the husband, which is as follows:

"Now, under such a state of facts, was the wife a surety? We suppose she might be said in one sense to be the surety for her husband, but in a very remote and attenuated sense, and not at all in the sense in' which the word is used in the law. We suppose it may also be said that the wife has in one sense an estate in the homestead occupied by herself and husband, although the title to the same may be in her husband; but still, if it is an estate, it is such an estate as has never been defined by law, an estate unknown to the common law, technically no estate at all. The whole estate in such a case is, in fact, wholly in the husband, with merely a restriction for the benefit of his family upon his power to alienate the same. It is true the wife has an interest in the homestead, a present and existing interest; an interest that will be protected by the courts; but it is simply an interest growing out of the marriage relation, and has no other or different foundation than the marriage relation and occupancy. It requires no instrument in writing to create such an interest, nor does it require any instrument in writing to destroy it. A merely going upon the premises, and occupying the same as a homestead will create the interest. The abandonment of the premises as a homestead will destroy the interest. And, if the wife should die while occupying the premises as a homestead, she would have nothing that would descend to her heirs, or go to her executors or administrators, and nothing that she could devise or bequeath. The whole estate would continue to belong to her husband, and after her death he could sell and convey the same by a deed executed by himself alone."

The same rule applies where the title is in the wife. Upon the theory that the wife, in signing a mortgage to the

homestead, to secure the debts of her husband, stands in the same relation as a surety, and thereby is entitled to all the rights and benefits of a surety, the Supreme Court of Kansas in the case last above cited, further say:

"Where a husband and wife, for the purpose of securing a debt of the husband's, join in the execution of a mortgage to their homestead, the title of which being in the husband, the wife does not thereby become such a surety of her husband as to be entitled to all the rights and privileges of other sureties; and, if her husband and the holder of the mortgage enter into a valid agreement for the extension of the time for the payment of said debt for one year, such agreement will not destroy the validity of the mortgage."

Touching the subject in hand here, this court, speaking through Judge Brewer, in *Bennett v. Odneal,* 44 Okla. 354, 147 Pac. 1015, says:

"A wife has the right to join her husband in a mortgage of the homestead, to secure a note of the husband, where the consideration of the same came to him alone; and such a mortgage is valid and enforceable without any consideration moving directly to the wife. This is the holding of the territorial Supreme Court in *Bastin v. Schafer et al.,* 15 Okla. 607, 85 Pac. 349. The point raised, based upon the allegation in the answer that the wife had an equitable interest in the mortgaged property in addition to her homestead rights, has no merit."

It being settled that a debtor may execute a valid mortgage to secure a pre-existing debt, without a new or further consideration, and that the owner of a homestead, with the consent of the spouse, if married, may mortgage the same, and that the mortgage in this case was signed by both husband and wife, and no question of duress, fraud, or want of consent being raised in the issues, it follows that the mortgage was valid and a binding lien upon the prop-

erty. This conclusion is reached upon the theory: (1) That a debtor may execute a valid mortgage to secure a pre-existing debt, without other and further consideration; (2) that a spouse has no equitable interest in the title to a homestead owned by the other; and (3) that a husband and wife may execute a valid mortgage upon the homestead in the name of and belonging to the husband, without any consideration moving directly to the wife, the same ruly applying if the title be in the wife.

This brings us to the question of the priority of the mortgages involved, and this necessarily presents the question as to whether the mortgagee is a purchaser or a mortgagee for value. The trial court finds, as a matter of fact, that the defendant Nettie Dyer executed the mortgage without consideration. There is no evidence of record and no finding of the court as to whether the real debtor, Richard Dyer, received any consideration or other benefit for the execution of the mortgage, but it does appear from the record that one of the notes was past due at the time the mortgage was taken, and that suit was not commenced herein for something like six months after the date of the mortgage.

Sections 934 and 935, Rev. Laws 1910, which were in force at all the times mentioned, are as follows:

"934. A written instrument is presumptive evidence of a consideration.

"935. The burden of showing a want of consideration sufficient to support an instrument lies with the parties seeking to invalidate or avoid it."

The mortgage also acknowledges the receipt of full consideration. Besides, so far as is shown by the record, there may have been an agreement at the time the notes

were given to execute a mortgage or give other security at some time in the future, which would have been valid.

Having under consideration the same question in *Rea v. Wilson,* 112 Iowa, 517, 84 N. W. 539, the court says:

"We have frequently held that a pre-existing indebtedness is a valuable consideration for the execution of a mortgage, as between the parties and all others who had any equitable interest in the property at the time of its execution. * * * In *Duncan v. Miller,* 64 Iowa, 223, 20 N. W. 161, it is said: 'It is not essential that any consideration should pass at the time of the execution of the mortgage. That may be either a prior or subsequent matter. Mortgages are frequently given to secure existing debts, in which case the consideration is generally altogether a past one.'"

The answer of the defendant co-operative association admits the execution of the notes and mortgage, pleads payment, upon which proposition no evidence was offered, but in no other way pleads or claims priority over plaintiff's mortgage. Under the sections of the statute above quoted and the condition of the record, the presumption of consideration for the execution of the mortgage becomes conclusive, which settles the plaintiff's priority.

The judgment of the trial court should therefore be reversed and remanded to the district court to proceed in accordance herewith.

By the Court: It is so ordered.