HAWKEYE BANK & TRUST
COMPANY, Appellee,

v.

Donald Mathew MICHEL, Rose Marie
Michel, et al., Appellants.

No. 84–1636.

Supreme Court of Iowa.

Aug. 21, 1985.
Rehearing Denied Sept. 19, 1985.

128

Russel A. Neuwoehner, Dubuque, for appellants.

Mark R. Lawson of Peckosh & Lawson, Maquoketa, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN, and WOLLE, JJ.

HARRIS, Justice.

This is a real estate mortgage foreclosure proceeding brought after the borrowers defaulted on their payments of a series of notes. The principal question is whether a dragnet clause in a deed of trust effectively pledged defendants' homestead as security for future notes. The trial court held it did and we agree.

We quote and adopt as our own the statement of facts contained in appellants' appellate brief.

Rose Marie Michel, in connection with her business as a dealer for "Wick Homes," and her husband, Donald Mathew Michel, entered into a series of promissory notes with the plaintiff [bank], concerning the construction of a "spec" home to be located in ... the city of Maquoketa, Jackson County, Iowa. As security for [these] promissory notes [the] defendants granted to [the bank] a Deed of Trust on the property where [this] home was to be constructed. ... [This] Deed of Trust was foreclosed under Count One of [the bank's] petition ..., and the property referred to [in Count One] was sold at sheriff's sale .... The amount obtained as a result of [this] sale was insufficient to satisfy the judgment ....

Under Count Two of its petition, [the bank] sought the foreclosure of a Deed of Trust given on October 23, 1978, with regard to the homestead of defendants Donald Mathew Michel and Rose Marie Michel. [The bank] in its pleadings and through its testimony offered at the time of trial alleged that [the] defendants had agreed to pledge [their] homestead as security for the promissory notes which were admittedly in default. [The] defendants ... denied ... they had knowingly pledged or agreed that their homestead was security for [the] notes.

During the pendency of the proceeding, defendants ... filed a petition in bankruptcy and were granted the discharge. As a result [the] defendants had no personal liability with regard to the promissory notes given to plaintiff [bank]. There remained unresolved only the question of [the bank's] right to foreclose its claimed security interest in defendants' homestead, [it] having been claimed and allowed as exempt in the bankruptcy proceeding.

... Plaintiff relied upon a "dragnet" contained in the October 23, 1978, Deed

of Trust[1] and references to [it] on the promissory notes .... Plaintiff [bank] also alleged that defendants knew their homestead was security for [the] promissory notes. Defendants, on the other hand, denied they were advised or notified their homestead would be security for [the] promissory notes, and stated they did not, and would not have, knowingly agreed to pledge their homestead as security for [them].

I. We find no merit in defendants' first assignment, a contention that the trial court erred in denying defendants' request for a continuance on the eve of trial. The ruling was of course discretionary. *Department of General Services v. R.M. Boggs Co.*, 336 N.W.2d 408, 410 (Iowa 1983) ("Trial courts have broad discretion in deciding to grant motions for continuances; absent a clear abuse of this discretion, we will not interfere. [Authority]") Abuse of discretion is not shown until it appears to have been exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979).

After two successive continuances were granted, a third was denied in the challenged ruling. The request does not appear to have been timely. In any event, defendants were protected. The record was held open for the testimony of defendant Rose Michel, who was ill at the time. She did testify at a later date. Both bank witnesses were again present, testified, and were subject to full cross-examination.

The assignment is without merit.

II. The defendants claimed they were unaware their homestead was pledged in the deed of trust. The trial court however determined they were aware of it. Defendants' second assignment is a challenge to this determination.

The action is in equity. Iowa Code § 654.1 (1983). Our review is de novo. Iowa R.App.P. 4. On our de novo review we agree with the trial court that defendants were made well aware of the provisions in the deed of trust. The pledge of homestead property was made after careful negotiations, including an attempt, rejected by the bank, to substitute other property as security. We also reject, as the trial court did, an attempted showing that the defendants rescinded the transaction.

Defendants' second assignment is without merit.

III. Defendants' most serious contention is that the instrument they signed did not amount to an express stipulation as required by Iowa Code section 561.21(2). That section provides:

The homestead may be sold to satisfy debts of each of the following classes:

....

2. Those created by written contract by persons having the power to convey, expressly stipulating it shall be liable

....

It is clear that the debts in question were created by written contract in the form of the five promissory notes and extensions.

The homestead property was not specifically labeled as such on any of the notes.[2] Each note, and most extensions, contained a hand-written notation substantially stating: "secured by deed of trust, dated 10–23–78, filed Book 140, Page 141 Jackson County Recorder." The trial court found the foregoing sufficient as the specific reference demanded by section 561.21(2).

1. The dragnet provision was as follows: "The intention of first parties hereby is to cover and secure payment to second party of any indebtedness now or hereafter owing by first parties and also to secure payments of any extensions or renewals of any such indebtedness or any part thereof."

2. The deed of trust contained a legal description of the property without noting it was defendants' homestead. It then purported to convey with the property: "all of the rents, issues, use and profits of [the] land ... the intention being to convey ... an absolute title in fee ... including any right of homestead and also every contingent right therein." Elsewhere the deed of trust stated that the defendants "relinquish all their contingent rights, including dower and homestead, which they have in [the] described real estate."

■ There is a threshold question on the burden of proof. Citing our early cases of *Paine v. Means*, 65 Iowa 547, 549, 22 N.W. 669, 670 (1885), and *First National Bank of Davenport v. Baker*, 57 Iowa 197, 199–200, 10 N.W. 633, 634 (1881), the bank urges it is defendants' burden to prove that the exception under section 561.21(2) does not apply. We have no quarrel with the premise of these cases which is that a person claiming a homestead exemption must prove the facts which establish the claim. This rule is consistent with a more general one. The burden of proof is usually placed "upon the party who would suffer loss if the issue were not established." Iowa R.App.P. 14(f)(5).

■ In this case the defendants' initial burden to establish the fact of the homestead is already carried because the facts about it are not in dispute. With the homestead an established fact the defendants are in a position to claim any benefit given by section 561.21(2) unless the bank (which would otherwise "suffer loss" upon the issue) can prove that defendants' homestead rights were expressly waived. *Cf. Hall Roberts' Son, Inc. v. Plaht*, 253 Iowa 862, 867, 114 N.W.2d 548, 551 (1962) ("although the burden is upon defendants to show the homestead character of the property conveyed, the creditor has the burden to prove the property exceeded in value the permissible homestead exemption").

The defendants contend the bank has not carried its burden, pointing to the five notes' bare references to the deed of trust. The notes are linked to the deed only by the latter's dragnet clause. Defendants point out that dragnet clauses are not favored and therefore are to be strictly construed. *See Freese Leasing, Inc. v. Union Trust & Savings Bank*, 253 N.W.2d 921 (Iowa 1977).

In *Freese Leasing* we quoted and adopted the rule from *Emporia Bank & Trust Company v. Mounkes*, 214 Kan. 178, 184, 519 P.2d 618, 623 (1974):

[I]n the absence of clear, supportive evidence of a contrary intention a mortgage containing a dragnet type clause will not be extended to cover future advances unless the advances are of the same kind and quality or relate to the same transaction or series of transactions as the principal obligation secured or unless the document evidencing the subsequent advance refers to the mortgage as providing security therefor.

*Freese Leasing*, 253 N.W.2d at 927.

The dragnet transaction here qualifies under both of the alternative *Freese Leasing* tests: (1) the notes all relate to the same series of transactions and (2) they referred to the deed of trust as providing security.

■ Defendants think their position is supported by the fact that the deed of trust did not mention that the legally described property was (as was the fact) their homestead. But there is no requirement that a properly described homestead be specifically labeled as such. *Reynolds v. Morse*, 52 Iowa 155, 157, 2 N.W. 1070, 1072 (1879).

■ We are sensitive to the requirements of section 561.21(2). The legislature had sound policy reasons for demanding an express written waiver before a homestead could be made subject to a mortgage obligation. But we agree with the trial court in concluding that there was an express written waiver here.

■ IV. Defendant's final assignment challenges a trial court ruling which held that both the federal truth in lending act and the Iowa consumer credit code were inapplicable to this transaction. Both the federal and Iowa acts apply only to consumer transactions. 15 U.S.C. § 1603(1) and Iowa Code § 537.1301(11).

This was a business transaction; all the money was loaned in order to construct a "spec house" to be used in connection with defendant Rose Michel's dealership in a commercial enterprise. She testified it was a business venture, and it is clear that her husband joined in the undertaking to enhance her business opportunity.

The rule is "[T]he decision to pledge one's home as security for a business loan

does not lose its quality as a business decision merely because of the nature of the collateral." *Toy National Bank of Sioux City v. McGarr*, 286 N.W.2d 376, 378 (Iowa 1979). *See also Union Story Trust & Savings Bank v. Sayer*, 332 N.W.2d 316, 319 (Iowa 1983) (loans to finance a commercial venture were not for personal, family or household purposes and were therefore not within the definition of a "consumer loan" or a "consumer credit transaction").

AFFIRMED.