Ha Khounlo appeals from a district court order denying a motion to continue the trial of a medical malpractice case. We affirm.
On April 18, 2003, Ha Khounlo and several others filed a petition alleging Ha received negligent treatment at the emergency department of Iowa Methodist Center on December 2 and 3, 2001.[1] The suit named Ha's treating physician, Dr. Barbara Moats, Health System Emergency Physicians, P.C., and Central Iowa Health System d/b/a Iowa Methodist Medical Center, as defendants. Trial was originally scheduled to begin July 12, 2004. Plaintiffs moved to continue the first trial date because one of plaintiffs' lawyers had a family emergency. On September 3, 2004, trial was rescheduled for August 15, 2005.
Thirteen days prior to the new trial date, plaintiffs filed another motion to continue. The motion alleged that plaintiffs' expert witness "had mistakenly scheduled a conflicting appointment that he could not break and would be unable to attend trial on any day during the week of August 15, 2005." Defendants resisted the motion. Following a hearing held August 8, the district court denied the motion to continue.
On August 11 defendants filed a joint motion for summary judgment. The motion asserted plaintiffs had no means to establish a prima facie case of medical negligence against defendants because plaintiffs' sole expert witness would not be testifying at trial and his prior deposition failed to establish that a breach of the applicable standard of care, if any, caused plaintiffs any damage or injury. By agreement of counsel, the motion was heard on August 12. During the hearing, plaintiffs orally reasserted their motion to continue. The court denied plaintiffs' renewed motion. After reviewing the entire deposition of plaintiffs' expert witness, Dr. William Janss, the court granted defendants' joint motion for summary judgment.
Eric Khounlo, who apparently holds a power of attorney for Ha Khounlo, filed a pro se notice of appeal that indicated Ha was appealing from both the trial court's order granting defendants' motion for summary judgment and the court's order denying plaintiffs' second motion to continue.
In Ha's brief on appeal, Ha does not contend the court erred in granting defendants' motion for summary judgment. Our rules of appellate procedure provide that the "[f]ailure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.14(1)(c). We conclude Ha has waived and abandoned the appeal from the district court's ruling granting summary judgment to defendants. Therefore, we affirm the summary judgment ruling and turn to Ha's claim that the district court erred in failing to continue trial.
A continuance "may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." Iowa R. Civ. P. 1.911(1). Trial courts have broad discretion in determining whether to grant motions for continuances.Hawkeye Bank Trust Co. v. Michel, 373 N.W.2d 127,129 (Iowa 1985). We review a court's decision to grant or deny a motion for continuance for abuse of discretion, and we only interfere with that decision on appeal if injustice has been done to the party seeking the continuance. In re Estate ofLovell, 344 N.W.2d 576, 578 (Iowa Ct.App. 1983). To prove an abuse of discretion, Ha must show the court exercised its discretion for clearly unreasonable or untenable reasons. Inre Estate of Olson, 479 N.W.2d 610, 613 (Iowa Ct.App. 1991). With these principles in mind, we examine the facts pertinent to plaintiffs' motion to continue.
Plaintiffs' counsel informed the district court that approximately one month prior to the scheduled trial date, their expert witness indicated he would not be able to attend trial.[2] The record reveals plaintiffs' expert witness left for a family vacation in Spain on or about August 4. The expert was scheduled to return late in the day that trial was to begin; however, he informed counsel he would not be available at any time during the week the trial was scheduled to be held. Plaintiffs' counsel informed the court they did not attempt to secure their expert for trial by subpoena because they "didn't feel that we would have time to subpoena an out-of-state witness." Plaintiffs' counsel informed the court they had made no effort to arrange for a further deposition of their expert because he was out of the country and had not provided them with a phone number.[3]
Continuing this case a second time would have caused an extended delay of a case that had already been pending for more than two years. The defendants had already been inconvenienced by an earlier continuance. The record reveals defendants had made arrangements to have eight to ten health care providers, including three medical experts, testify during the week of August 15. In addition, Dr. Moats had already scheduled a week away from her practice to participate in the trial and get the case resolved. The district court offered to take the testimony of plaintiffs' expert out of order, but was advised the expert would not make himself available anytime during the week scheduled for trial. Under the circumstances, we cannot find the district court abused its discretion in denying plaintiffs' request for another continuance.
AFFIRMED.
[1] The petition was filed on behalf of Ha L. Khounlo, La Khounlo, Eric Khounlo, Bong Khounlo, Vieng Baccam, Bang Khounlo, and Zan Mila, but Ha L. Khounlo is the only party on appeal.
[2] The record indicates plaintiffs' expert was made aware of the August 15, 2005 trial date in November or December 2004.
[3] The record reveals plaintiffs' expert was deposed on May 24, 2004.